UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUARTRENA S. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22-cv-7284 |
| v. ) | |
| ) | Judge April M. Perry |
| ILLINOIS DEPARTMENT OF HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Quartrena Robinson ("Plaintiff") brings this employment discrimination case against Defendant Illinois Department of Human Services ("IDHS" or "Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. 29 ¶ 1. Specifically, Plaintiff alleges discrimination based on race and retaliation. *Id.* Defendant now moves to dismiss Plaintiff's complaint in its entirety, arguing under Rule 12(b)(6) that the complaint fails to state a claim upon which relief can be granted. Doc. 32 ¶ 2. For the following reasons, Defendant's motion is denied.

**BACKGROUND**

Plaintiff, who is Black, was hired by IDHS in June 2013. Doc. 29 at ¶¶ 4, 6. Plaintiff's most recent assignment with IDHS was as an Investigator with the Bureau of Civil Affairs. *Id.* at ¶ 6. As part of her duties, Plaintiff was assigned to investigate an internal complaint filed by Angelina Sowell. Ms. Sowell, who is also Black, alleged that a trainer had made racist and abusive comments to her. *Id.* at ¶ 7. Plaintiff ultimately determined that Ms. Sowell's complaint was founded. *Id.*

Plaintiff's immediate supervisor was Margaret Campos. *Id.* at ¶ 8. Plaintiff has alleged that during the "course of her employment, [she] was subjected to abusive and racist comments in the workplace that included derogatory racial stereotypes made by [Ms. Campos]." *Id.* at ¶ 8. Plaintiff reported Ms. Campos' conduct to her next-level supervisor, and Ms. Campos received a reprimand as a result.[1] *Id.* This allegedly resulted in Ms. Campos engaging in retaliation against Plaintiff. *Id.*

Plaintiff alleges only one specific example of such retaliation. According to Plaintiff, Ms. Campos initially denied that any impropriety occurred during Plaintiff's investigation of Ms. Sowell's complaint. *Id.* at ¶ 9. However, after Ms. Campos' bureau chief received a promotion out of IDHS, Ms. Campos came forward with a false accusation that Plaintiff had improperly investigated Ms. Sowell's complaint because of a personal friendship with Ms. Sowell. *Id*. This allegedly resulted in an investigation of Ms. Sowell and Plaintiff, which led to Plaintiff's termination on October 17, 2021. *Id.*

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 22, 2021. *Id.* at ¶ 3. On October 4, 2022, the EEOC issued a *Notice of Right to Sue*. *Id.* Plaintiff filed this action on December 28, 2022. *Id.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from

---

[1] According to the Charge of Discrimination filed with the IDHR, these complaints were made in March 2020 and August 2020. Doc. 33-1.

those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendant challenges the complaint on three grounds: (1) Plaintiff has not administratively exhausted a hostile work environment claim with the EEOC; (2) Plaintiff has not alleged facts sufficient to connect her race to her termination; and (3) Plaintiff's retaliation claim is facially deficient. Doc. 33 at 2. As is discussed below, the Court disagrees that these arguments provide a basis to dismiss the complaint under Rule 12(b)(6).

As a preliminary matter, the Court notes that Plaintiff does not argue that she has attempted to bring a hostile work environment claim. Doc. 38 at 6. Thus, the Court declines to give an advisory opinion as to whether any hostile work environment claim would be "like or reasonably related to the EEOC charges". *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). The Court will proceed with analyzing the complaint consistent with Plaintiff's characterization of the complaint as one stating "a claim for relief under Title VII for race discrimination and retaliation." Doc. 38 at 1.

3

The Court is not persuaded by Defendant's arguments that the complaint does not allege facts to support that Plaintiff was terminated because of her race. Nor does the Court believe that Plaintiff has plead herself out of court by alleging that she was suspended and terminated following an investigation into her supposed misconduct. Doc. 33 pg. 4.

Title VII makes it unlawful for an employer "to discriminate against any individual" with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To survive a 12(b)(6) motion to dismiss, Plaintiff need not provide evidence to support each element of the *prima facie* case of employment discrimination but "must set out factual allegations sufficient to show: (1) she is a member of a protected class, (2) she was subjected to an adverse employment act, and (3) there is a link between those two." *Daniel v. Advoc. Health Care Network*, 278 F. Supp. 3d 1056, 1062 (N.D. Ill. 2017). A complaint alleging Title VII discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff" on the basis of a protected characteristic. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). Furthermore, "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class.").

In this case, the parties agree that Plaintiff was terminated from her employment. Termination is obviously an adverse employment action. *See Barton v. Zimmer, Inc.*, 662 F.3d 448, 453–54 (7th Cir. 2011). Moreover, the parties agree that Plaintiff is Black, and therefore a

4

member of a protected class. However, Defendant alleges that Plaintiff has not successfully alleged a causal link between her protected characteristic and the adverse employment action. The Court disagrees.

Plaintiff alleges that she was subjected to abusive and racist comments including derogatory racial stereotypes made by her direct supervisor, Ms. Campos. Plaintiff reported this up the chain, and Ms. Campos was reprimanded. But after the next-level supervisor (presumably, the person to whom Plaintiff had earlier complained) was transferred, Plaintiff alleges that Ms. Campos responded by making up a lie about Plaintiff that ultimately got Plaintiff fired. And not just any lie, but a lie that Plaintiff had engaged in misconduct by participating in an investigation involving her supposed friend Ms. Sowell, another Black woman. To the extent that, as Plaintiff has alleged, Plaintiff and Ms. Sowell were not friends, it is a plausible inference that Ms. Campos made that allegation based upon the shared race of both women. Moreover, it is a plausible inference that Ms. Campos made up such a lie because she was angry at Plaintiff for having reported Ms. Campos' prior racist remarks. Either way, a plausible inference could be drawn that Plaintiff's termination was connected to her race. Finally, the investigation into Plaintiff's supposed misconduct only provides a race-neutral reason for her termination to the extent that the investigation did not rely upon the alleged lies of Ms. Campos. At this stage of proceedings, it would be inappropriate for the Court to make such a finding.

The Court is similarly not persuaded by Defendant's argument that the retaliation claim is insufficiently pled. Pleading a retaliation claim under Title VII requires the plaintiff to allege that she "engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano*, 722 F.3d at 1029. The protected activity must be specifically identified. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). The plaintiff

5

need not "present proof of a causal link between the protected expression… and the adverse employment action." *Luevano*, 722 F.3d at 1029. However, there must some facts from which one could draw the inference that the protected activity could have caused the adverse employment action. *See Cervantes v. Ardagh Group*, 914 F.3d 560, 566 (7th Cir. 2019) (upholding dismissal of retaliation claim where plaintiff did not allege that his supervisors knew about his discrimination complaint).

Here, Plaintiff engaged in a statutorily protected activity by complaining to her next-level supervisor about Ms. Campos' discriminatory behavior. Ms. Campos presumably knew about that complaint, because Ms. Campos allegedly was reprimanded based upon it. Once the next-level supervisor left, Ms. Campos allegedly made up a lie that resulted in Plaintiff's suspension and termination. These facts plausibly present a related chain of events between Plaintiff's complaint and Plaintiff's termination. Given that it is not necessary at this time for Plaintiff to prove the causal link between her complaints and her eventual termination, these allegations are sufficient to support a claim of retaliation at the motion to dismiss stage.

## CONCLUSION

For these reasons, the Motion to Dismiss is denied. Defendant's Answer to the complaint is due by March 18, 2025.

Dated: February 25, 2025

_____
APRIL M. PERRY
United States District Judge